Jeanne L. Zimmer (SBN: 123321)
Zimmerj@cmtlaw.com
J. Grace Felipe (SBN: 190893)
Felipeg@cmtlaw.com
**CARLSON & MESSER LLP**
5959 West Century Boulevard, Suite 1214
Los Angeles, California 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222

Attorneys for Defendant
LIEN ENFORCEMENT, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GENEVA McELWAINE-LETO**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**LIEN ENFORCEMENT, INC.**, a business entity; and DOES 1 through 10 inclusive,<br><br>Defendant. | Case No. '16CV1423 LAB JLB<br><br>**NOTICE OF REMOVAL** |

Defendant LIEN ENFORCEMENT, INC. hereby files this notice of removal under 28 U.S.C. §1446(a).

## I. INTRODUCTION

1. The parties to this action are Plaintiff, GENEVA McELWAINE-LETO ("Plaintiff") and Defendant LIEN ENFORCEMENT, INC. ("Defendant").

2. Upon information and belief, Plaintiff filed this case on May 6, 2016, in the Superior Court of California, County of San Diego, Case No. 37-2016-

00015137-CU-BT-CTL.  A true and correct copy of Plaintiffs' Summons and Complaint is attached hereto as Exhibit "A."

3. On or about May 10, 2016, Plaintiff served Defendant with the Summons and a copy of Plaintiff's Complaint, Certificate of Counsel and Civil Cover Sheet (a true and correct copy of which are collectively attached hereto as Exhibit "A") via personal delivery.

4. As Plaintiff served the Complaint on May 10, 2016 Defendant, files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b), and as extended via *Federal Rule of Civil Procedure* 6.  See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1966).

## II. BASIS FOR REMOVAL

5. Removal is proper because Plaintiff's Complaint involves a federal question.  28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996).  Specifically, Plaintiffs have alleged claims that arise under 15 U.S.C. § 1681, *et seq.* for alleged violations of the Fair Credit Reporting Act.  It is therefore an action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a).  This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

7. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

### III.   JURY DEMAND

8. Plaintiff did not indicate whether she demands a jury in the state court action. Defendant does not demand a jury trial.

### IV.   CONCLUSION

9. Defendant respectfully requests removal of this action as it involves a Federal question under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*.

Dated:   June 9, 2016            **Carlson & Messer LLP**

By:   /s/ J. Grace Felipe
      Jeffery J. Carlson
      J. Grace Felipe
      Attorneys for Defendant
      LIEN ENFORCEMENT, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 West Century Boulevard, Suite 1214, Los Angeles, California 90045.

On **June 9, 2016**, I served the foregoing document(s) described as: **NOTICE OF REMOVAL AND NOTICE OF INTERESTED PARTIES** on all interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

[X]  **BY MAIL:** I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am readily familiar with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **BY ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **BY OVERNIGHT DELIVERY:** I deposited the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

[ ]  **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **9th** day of **June, 2016** at Los Angeles, California.

_____
Luis Montoya

{00049933;1}
08475.00

1

## SERVICE LIST
*McElwaine-Leto v. Lien Enforcement, Inc.*
Case No: 37-2016-00015137-CU-BT-CTL
File No. 08475.00

| | |
|---|---|
| Alicia McElwaine-Leto<br>WADE MILLER LAW<br>235 East Broadway, Suite 424<br>Long Beach, CA 90802<br>Phone: 562-437-6300<br>Fax:  562-786-8398 | Attorneys for Plaintiff<br>GENEVA McELWAINE-LETO |

{00049933;1}
08475.00

2