# Exhibit "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LIEN ENFORCEMENT INC., AND DOES 1 TO 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GENEVA MCELWAINE-LETO

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/06/2016** at 08:00:00 AM

Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, San Diego

Central Division
330 West Broadway, San Diego, CA 92101

CASE NUMBER
*(Número del Caso):*
37-2016-00015137-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alicia McElwaine-Leto, Wade Miller Law, 235 E. Broadway, Ste. 424, Long Beach, CA (562) 437-6300

| DATE: 05/06/2016 (Fecha) | Clerk, by (Secretario) | J. Pascual | , Deputy (Adjunto) |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Lien Enforcement, Inc.

under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
     [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
     [ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)
     [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 5/10/16

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: 330 West Broadway | | |
| MAILING ADDRESS: 330 West Broadway | | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | | |
| BRANCH NAME: Central | | |

| PLAINTIFF(S): Geneva McElwaine Leto |
|---|
| DEFENDANT(S): Lien Enforcement Inc |
| SHORT TITLE: MCELWAINE LETO VS LIEN ENFORCEMENT INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2016-00015137-CU-BT-CTL |
|---|---|

Judge: Gregory W Pollack      Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)      ☐ Non-binding private arbitration

☐ Mediation (private)      ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)      ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____      Date: _____

Name of Plaintiff      Name of Defendant

Signature      Signature

Name of Plaintiff's Attorney      Name of Defendant's Attorney

Signature      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/06/2016      JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00015137-CU-BT-CTL     CASE TITLE: McElwaine Leto vs Lien Enforcement Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

           (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
           (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
           (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7071 | |

| PLAINTIFF(S) / PETITIONER(S): Geneva McElwaine Leto |
|---|
| DEFENDANT(S) / RESPONDENT(S): Lien Enforcement Inc |
| MCELWAINE LETO VS LIEN ENFORCEMENT INC [IMAGED] |

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2016-00015137-CU-BT-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Gregory W Pollack                                                      Department: C-71

## COMPLAINT/PETITION FILED: 05/06/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/07/2016 | 01:00 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT). THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 08-12)                                                                        Page: 1

**NOTICE OF CASE ASSIGNMENT**



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

1   Alicia McElwaine-Leto, SBN: 308804
    aleto@wademillerlaw.com
2   WADE MILLER LAW
    235 East Broadway, Suite 424
3   Long Beach, CA 90802
    Telephone: (562) 437-6300
4

5   Attorney for Plaintiff
    GENEVA MCELWAINE-LETO
6

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/06/2016** at 08:00:00 AM

Clerk of the Superior Court
By Jessica Pascual,Deputy Clerk

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF SAN DIEGO**

10                **CENTRAL DISTRICT**

11

| | |
|---|---|
| 12   GENEVA MCELWAINE-LETO | Case No. 37-2016-00015137-CU-BT-CTL |
| 13        PLAINTIFF, | |
| 14      VS. | **COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA ROSENTHAL ACT; THE FAIR CREDIT REPORTING ACT; THE CONSUMER CREDIT REPORTING AGENCIES ACT; CA BUSINESS & PROFESSIONS CODE §17200 & §17500** |
| 15 | |
| 16   LIEN ENFORCEMENT INC., | |
|     AND DOES 1 TO 10, INCLUSIVE | |
| 17 | |
|        DEFENDANTS. | |
| 18 | |

19

20

21

22                **I. INTRODUCTION**

23       Plaintiff, Geneva McElwaine-Leto, ("Plaintiff") files this civil action against Defendant Lien

24   Enforcement Inc. ("Lien"), and Does 1 to 10, inclusive (collectively referenced as "Defendants"),

25   for violations of California's Fair Debt Collection Practices Act, also known as the Rosenthal Fair

26   Debt Collection Practices Act ("RFDCPA"); violations of the Fair Credit Reporting Act ("FCRA");

27   violations of the Consumer Credit Reporting Agencies Act ("CCRAA"); violations of California

28   Business & Professions Code §17200; and §17500.

1    Defendants have engaged in unfair debt collection practices by using false, deceptive, and/or

2    misleading tactics and techniques in attempt to collect a debt not owed. Plaintiff seeks actual

3    damages, statutory damages, punitive damages, costs, attorneys' fees, declaratory relief, and

4    injunctive relief.

5    Plaintiff alleges on information and belief as follows:

## II. PARTIES

7    1.    Plaintiff is a natural person over the age of 18, and resident of San Diego County,

8    California.

9    2.    Lien is a California corporation, doing substantial business in California, with its

10   principal place of business in San Jose, California.

11   3.    Defendants, Does 1 to 10, inclusive, are persons or entities, true names and capacities

12   presently unknown to Plaintiff, and who therefore are sued by such fictitious names, pursuant to the

13   provisions of Cal. Code Civ. Proc. §474. Plaintiff is informed and believes and thereon alleges that

14   each named defendant perpetrated some or all of the wrongful acts alleged herein, is responsible in

15   some manner for the maters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff

16   will seek leave of court to amend this complaint to state the true names and capacities of such

17   fictitiously named defendants when ascertained.

18   4.    Plaintiff is informed, and believes, and thereon alleges that at all relevant times, each

19   defendant was the agent, employee, representative, partner, parent company, subsidiary, or affiliate

20   of such agency, employment, representation, partnership or corporate affiliation, while doing or

21   omitting to do the acts alleged herein, and with the permission, approval, consent, and/or ratification

22   of all other defendants. The allegations against each defendant incorporate by reference the

23   allegations against each Doe defendant.

## III. JURISDICTION AND VENUE

25   5.    The California Superior Court has jurisdiction over this action pursuant to the

26   California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction

27   in all causes except those given by statute to other trial courts. Further, this Court has jurisdiction

28   since the amount in controversy exceeds $10,000 and Plaintiff seeks injunctive relief.

6.    This Court has personal jurisdiction over Defendants. Defendants do sufficient business with the State of California, purposely avail themselves of the benefits and protections of the State of California, and/or have sufficient contact with the State of California such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

7.    Venue is proper in San Diego County Superior Court because Plaintiff resides in San Diego County. Additionally, Defendants have received substantial compensation in this County by doing business here and engaging in numerous activities that have had an effect in this County.

### IV. STATEMENT OF RELEVANT FACTS

8.    Defendants' unfair collection practices arise out an alleged debt from the original creditor, Gays Automotive and Towing ("Original Creditor").

9.    Plaintiff's alleged obligation was to pay for "personal, family, or household purposes" as required by 15. U.S.C. §1692a(5) as this debt was incurred during the tow and sale of a 1998 Lincoln, Vin Number: 1LNFM91V6WY648171, ("Vehicle").

10.    Subsequently, Original Creditor assigned its rights to Plaintiff's alleged debt to Lien for the purpose of collection.

11.    On or about April 4, 2014, the account was placed for "collections".

12.    On or about December 15, 2015, the alleged debt was "updated" with a balance of $1083.00 on Plaintiff's TransUnion Credit Report ("Report"). TransUnion is a credit reporting agency.

13.    Defendants attempted to collect a debt from Plaintiff by placing a negative mark on Plaintiff's credit score showing an account being in "collections." Defendants have further wrongfully verified this debt by "updating" Plaintiff's Report with an inaccurate and improper debt.

14.    The sole purpose of Defendants placing a negative credit mark on Plaintiff's Report was to make Plaintiff to pay the alleged debt.

15.    Plaintiff has no knowledge of any debt incurred in relation to the Vehicle. Beginning December 29, 2015 Plaintiff demanded Defendants produce evidence to validate their claim. Defendants insist Plaintiff owes the debt, yet fails to provide sufficient documentation validating it.

16. As a proximate result of Defendants' illegal acts, Plaintiff has suffered substantial damages in an amount to be determined at trial.

17. Defendants violated the law by placing false derogatory marks on Plaintiff's Report, which negatively effected Plaintiff's credit score. Defendants' violations were a contributing factor in Plaintiff's denial of several credit applications, including a student loan application. Also, Defendants' acts and omissions also had the effect of increasing interest rates charged on newly acquired credit cards.

### V. FIRST CAUSE OF ACTION
#### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
#### CAL. CIVIL CODE §1788 et seq.
#### AGAINST ALL DEFENDANTS

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above.

19. The RFDCPA, Civ. Code §1788 et seq., was enacted in 1976 to ensure the integrity of our banking and credit industry. Civ. Code §1788.1(b). California Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit." Civ. Code §1788.1(a)(2).

20. Plaintiff is a "debtor" within the meaning of Civ. Code §1788.2(h), in that she is a natural person from whom Defendant sought to collect a consumer debt alleged to be due and owing.

21. The purported debt, which Defendants attempted to collect from Plaintiff, is a "consumer debt" within the meaning of Civ. Code §1788.2(f).

22. Defendants are in the business of collecting debts for others, and are therefore "debt collector[s]" within the meaning of Civ. Code §1788.2(c).

23. Defendants are a specialized collection agency that focuses exclusively on collecting deficient balances of lien sold vehicles for the towing industry. Defendants are therefore, "debt collectors" within the meaning of Civ. Code §1788.2(c).

24. Civ. Code §1788.17 provides that debt collectors subject to the RFDCPA, collecting or attempting to collect a consumer debt, must also comply with provisions 15 U.S.C. §§1692(b) to 1692(j), inclusive, part of the federal Fair Debt Collection Practices Act ("FDCPA").

25. The FDCPA states that its purpose, in part, is "...to eliminate abusive debt collection practices by debt collectors..." (15 U.S.C. §1692(e)).

26. Defendants had a non-delegable duty under the RFDCPA not to commit violations of the law, and not to allow their agents to commit such violations, which duties Defendants themselves were prohibited from violating.

27. Defendants attempted to collect legally non-existent deficiency balances from Plaintiff by among other things, placing a negative mark on Plaintiff's Report, making demands for payment, and sending incomplete, misleading, and deceptive invoices.

28. Defendants made false representations to Plaintiff that she owed a debt, and demanded payment on those non-existent deficiency balances.

29. Defendants' acts and omissions constitute numerous and multiple violations of 15 U.S.C. §1692, all of which are incorporated into California law via Civ. Code §1788.17. Of relevance, without limitation, Defendants violated the following FDCPA provisions: (1) 15 U.S.C. §1692(e) by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt; (2) 15 U.S.C. §1692(e)(2) by making false representations as to the character, amount, or legal status of a debt allegedly owed by Plaintiff; (3) 15 U.S.C. §1692(e)(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; (4) 15 U.S.C. §1692(f) by using unfair or unconscionable means to collect a debt; and (5) 15 U.S.C. §1692(f)(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. A violation of 15 U.S.C. §1692(e) is a separate violation of the RFDCPA, Civ. Code §1788.17.

31. Defendants' action in attempting to collect monies not owed was false and deceptive.

32. By failing to include certain debt collection notices as required by law, Defendants' violated 15 U.S.C. §1692(g).

33. By using unfair or unconscionable means to collect or attempt to collect a debt, Defendants violated 15 U.S.C. §1692(f).

34. Defendants' violations were willful and knowing, thereby entitling Plaintiff to statutory damages of not less than $100.00 nor more than $1,000.00 pursuant to Civ. Code §1788.30(b). Plaintiff asserts that, given the intentional nature of Defendants' illegal activity, the upper limit of $1,000.00 in statutory damages under Civ. Code §1788.30 is warranted.

35. As a proximate result of the above-described violations of the RFDCPA, Plaintiff has been damaged and is entitled to collect such actual damages from Defendants pursuant to Cal. Civ. §1788.30(a); statutory damages pursuant to Cal. Civ. §1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. §1788.30(c).

## VI. SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### 15 U.S.C. §1681 *ET SEQ.*
### AGAINST ALL DEFENDANTS

36. Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph above.

37. The Fair Credit Reporting Act ("FCRA") was adopted by Congress in 1992 to ensure accuracy and fairness in credit reporting and to protect the rights of individual consumers. (*See* 15 U.S.C. §1681(b)).

38. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681(a)(c). Defendants are "furnishers" as defined by 15 U.S.C. §1681s-2.

39. With respect to the furnishers [of information to consumer reporting agencies], section 623 of the FCRA imposes two general requirements: (1) the duty to provide accurate information (15 U.S.C. §1681s-2)(a)) and (2) the duty to investigate the accuracy of reported information upon receiving notice of a dispute (15 U.S.C. §1681s-2(b)). The FCRA prohibits "furnishers" from providing information to a consumer reporting agency ("CRA") that they knew (or consciously avoid knowing) is inaccurate.

40. On or around April 4, 2014, Defendants provided inaccurate information to CRAs about an unverified debt that was not legally owed. By this reporting and subsequently affirming this invalid debt in May 2015, Defendants violated Plaintiff's rights afforded to her under the FCRA. This information was false because Plaintiff had no prior obligations with Original Creditor.

41. On December 29, 2015, Plaintiff notified Defendants that she owed no money for the alleged towing, storage, and sale of Vehicle. Nonetheless, Defendants informed TransUnion, that Plaintiff owed Lien $1083.00 in violation of 15 U.S.C. §1681s-2 even though Original Creditor noted the account was disputed and Defendants had not conducted a proper investigation.

42. After Plaintiff informed Defendants of the inaccuracies of the information it had reported to the CRAs, Defendant failed to (1) properly investigate the complaint to ensure all reported information was complete, accurate and not misleading; and (2) failed to correct information that was not complete, accurate, and not missing. In particular, and without limiting the generality of the foregoing, Defendants failed to correct this information.

43. For the past two years, Defendants willfully violated the provisions of the FCRA in at least the following respects: (1) by willfully and negligently failing in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report; (2) by willfully and negligently failing to correct after receiving ample notice information about Plaintiff which Defendants knew or should have known, was incomplete and/or inaccurate; (3) by willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation; (4) by willfully and negligently failing to conduct and adequate investigation of Plaintiff's complaints and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known or should have been known to the defendants; (5) by willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies; and (6) by willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of plaintiff's dispute and thus causing an inaccurate and incomplete credit report to the credit bureaus.

1    44. Defendant violated the FCRA by inaccurately reporting the status of Plaintiff's alleged

2  debt, mischaracterizing Plaintiff's payment history to credit reporting agencies and providing

3  inaccurate information regarding Plaintiff's alleged debt to credit reporting agencies.

4    45. Plaintiff alleges that Defendants have willfully violated FCRA. Specifically, Defendants

5  deliberately have inefficient procedures for correcting their credit files because they known that a

6  certain number of consumers will either be intimidated or too frustrated to continuously fight back

7  against the constant onslaught of collection activities for invalid debts. Defendants know that a

8  certain number of consumers would rather pay than fight, even if the debt is not actually owed.

9  Defendants know that their systems intimidate consumers so they'll pay debts even if not valid or

10  not completely valid.

11    46. As a proximate result of the actions of the Defendants, Plaintiff has been damaged in an

12  amount, which will be proven at the time of trial. As provided under the cited law, Plaintiff is

13  entitled to actual damages, pain and suffering, punitive damages penalties costs and attorneys' fees.

14

15           **VII. THIRD CAUSE OF ACTION**
VIOLATIONS OF THE CONSUMER CREDIT REPORTING AGENCIES ACT
CAL. CIVIL CODE §1785.1 *ET SEQ.*

16            **AGAINST ALL DEFENDANTS**

17    47. Plaintiff re-alleges and incorporates by reference the allegations set forth in the

18  paragraphs above.

19    48. The Consumer Credit Reporting Agencies Act ("CCRAA") was enacted in 1975 for the

20  purpose of "...investigating and evaluating the credit worthiness, credit standing, credit capacity,

21  and general reputation of consumers." Civ. Code §1785.1(a). The California Legislature found that

22  "[t]here was a need to insure that consumer credit reporting agencies exercise their grave

23  responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." Civ.

24  Code §1785.3(c).

25    49. Plaintiff is a natural person and therefore a "consumer" as defined by Civ. Code

26  §1785.3(b).

27

28

1    50.   Civ. Code §1785.25(a) prohibits any person from furnishing information on a specific

2    transaction or experience to a CRA if that person knows or should know the information is

3    incomplete or inaccurate.

4    51.   Defendants have willfully and intentionally violated Civ. Code §1785.25(a) by

5    furnishing to a credit reporting bureau, information that such person knows or should know is

6    incomplete or inaccurate. Specifically, Defendants informed various CRAs, including TransUnion,

7    that Plaintiff owes the alleged debt even though Defendants knew or should have known that these

8    accounts and charges were void, illegal, and unenforceable.

9    52.   Plaintiff is informed and believes, and based thereon alleges, that Defendants have

10   falsely reported to one or more CRA that Plaintiff owes a deficiency balance, after being notified

11   that Plaintiff did not owe any such debt. Further, Defendants have continued reporting to the CRAs

12   that Plaintiff owes a deficiency balance.

13   53.   Again, on December 29, 2015, Plaintiff demanded Defendants produce evidence to

14   validate their claim.

15   54.   Defendants have committed several violations by falsely reporting Plaintiff's debt to

16   TransUnion and possibly with other CRAs and by failing to include applicable debt collection

17   notices as required by law.

18   55.   Defendants are liable for said violations pursuant to Civ. Code §§1785.25(g) and

19   1785.31.

20   56.   Defendants have willfully and intentionally violated Civ. Codes §§1785.25(f)(1) and

21   §1785.25(f)(2) by failing to complete an investigation regarding the disputed information, failing to

22   report to the CRA the results of that investigation, and failing to review relevant information

23   submitted to it.

24   57.   Plaintiff has been aggrieved by Defendants' violations described herein, and seeks

25   permanent injunctive relief commanding Defendants to delete their credit reporting from Plaintiff's

26   credit reports, and to cease all future false credit reporting with respect to Plaintiff's account.

27   58.   As a result of Defendants' unlawful acts, Plaintiff has suffered actual damages,

28   including, without limitation: damaged credit, denial of several credit applications including a

1   student loan application, increased interest rates, as well as attorneys' fees and costs incurred in the

2   investigation, filing and prosecution of this action. Plaintiff is entitled to recover pursuant to Civ.

3   Code §1785.31(d).

4        59.    Defendants' violations of the CCRAA were willful, entitling Plaintiff to recover

5   punitive damages in an amount to be determined by the Court.

### VIII. FOURTH CAUSE OF ACTION
### MISLEADING OR DECEPTIVE STATEMENTS IN VIOLATION OF BUSINESS & PROFESSIONS CODE §17500
### *ET SEQ*
### AGAINST ALL DEFENDANTS

9        60.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the

10  paragraphs above.

11       61.    In violation of California Business & Professions Code §17500, Defendants made

12  untrue or misleading statements to the Plaintiff, which they knew or reasonably should have known

13  were untrue or misleading at the time the statements were made.

14       62.    These untrue, misleading and/or deceptive statements include, but are not limited to

15  Defendant's reporting to the CRAs and subsequent verification that Plaintiff owed an outstanding

16  debt.

### IX. FIFTH CAUSE OF ACTION
### UNFAIR COMPETITION LAW -- VIOLATION OF CA BUSINESS & PROFESSIONS CODE §17200
### AGAINST ALL DEFENDANTS

19       63.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 62,

20  inclusive, as though set forth here in full.

21       64.    Defendants have engaged in, and continue to engage in, acts or practices that constitute

22  unfair competition as defined in Business and Professions Code §17200. These acts or practices

23  include, but are not limited to the following:

24       a. Violating Civ. Code §1788.13, part of the RFDCPA, by making misrepresentations and

25  engaging in unlawful practices in connection with the collection of a debt, as alleged above; and

26       b. Violating Civ. Code §1788.13, part of the RFDCPA, by using false, deceptive, or

27  misleading representations or means in connection with the collection of a debt, as alleged above;

28

- 10 -
COMPLAINT

1  65. Defendants' acts constitute unlawful, unfair and fraudulent business acts and practices
2  and thereby violate Bus. & Prof. Code §17200 *et seq.*

3  66. Moreover, each of Defendants' violations of the various statutes, and common law
4  rights, as alleged above, constitutes a predicate violation, which supports a claim under the
5  "unlawful" prong of Bus. & Prof. Code §17200.

6  67. Each of Defendants' various dishonest, bad faith, unfair and unreasonable actions and
7  statements, as alleged above, constitute "unfair" or "fraudulent" acts or practices under Section
8  17200's other two prongs.

9  68. Defendants acted unfairly and fraudulently by placing a derogatory mark on Plaintiff's
10  Report and subsequently refusing to reveal to Plaintiff information regarding what this debt was for
11  and why Defendants' actions were justified.

12  69. As a proximate result of Defendants' various unlawful, unfair, and fraudulent business
13  acts and practices, Plaintiff suffered substantial injuries. Accordingly, Plaintiff is entitled to
14  equitable relief, including restitution and attorneys' fees, and any other appropriate relief authorized
15  by Section 17200 *et seq.* of the California Business & Professions Code.

16  70. Defendants need only to have violated one of the provisions set forth above to be liable
17  under this Cause of Action.

18  71. The above-described unlawful, unfair, or fraudulent business facts and practices
19  engaged by Defendants continue to this day and present a threat to Plaintiff and to the general public
20  in that Defendants failed to publicly acknowledge the wrongfulness of its actions and provide the
21  complete relief required by statute.

22  72. Pursuant to Bus. & Prof. Code §17203, Plaintiff seeks an order of this Court
23  prohibiting Defendants from continuing to engage in the unlawful, unfair, or fraudulent business acts
24  and practices set forth in this Complaint, including, but not limited to: misrepresenting the amounts
25  owed by consumers, and collecting or attempting to collect on judgments obtained by fraud.

26  ## X. DECLARATORY RELIEF

27  73. Plaintiff re-alleges and incorporates by reference the allegations set forth in the
28  paragraphs above.

1    74.    Plaintiff is informed, believes, and thereon alleges that Defendants will dispute these
2 contentions.

3    75.    Plaintiff is informed, believes, and thereon alleges that an actual controversy exists
4 between Plaintiff and Defendants, concerning Defendants' right to the collect the alleged debt.

5    76.    Pursuant to Civ. Code §1060, Plaintiff may seek a judicial "declaration of his or her
6 rights or duties with respect to another…in cases of actual controversy relating to the legal rights
7 and duties of their respective parties."

8    77.    Plaintiff desires a judicial determination of the rights and duties, and a declaration that
9 no monies are owed.

10    78.    A judicial declaration is necessary and appropriate at this time under the circumstances
11 to ensure that each parties' respective rights and obligations are confirmed.

12

### XI. INJUNCTIVE RELIEF

13    79.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the
14 paragraphs above.

15    80.    Plaintiff requests the Court to order Defendants to immediately cease all attempts to
16 collect this purported debt.

17    81.    Plaintiff has been aggrieved by Defendants' violations described herein, and seeks
18 permanent injunctive relief commanding Defendants to delete any derogatory marks on Plaintiff's
19 account reported to any consumer CRA, and to cease all future false credit reporting with respect to
20 Plaintiff's account.

### XII. PRAYER FOR RELIEF

21

22 **WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants for the
23 following:

24    (A) Actual damages in an amount to be proven at trial;

25    (B) Statutory damages for willful and negligent violations;

26    (C) Punitive damages according to proof at trial;

27

28

1       (D) Declaratory relief ordering Defendants to cease all collection activities regarding alleged

2           debts, and a determination that the claims by Defendants are without any right whatsoever

3           and Defendants has no right or interest in the debt described above;

4       (E) Injunctive relief permanently enjoining Defendants from engaging in the unlawful, unfair,

5           and fraudulent acts and practices alleged herein;

6       (F) Defendants be ordered to disgorge all unjust enrichment obtained from the unlawful, unfair,

7           and fraudulent acts and practices alleged herein;

8       (G) Reasonable attorneys' fees, costs, and expenses Plaintiff has been forced to incur in pursuing

9           this action;

10      (H) Pre and post judgment interest; and

11      (I) For any such further relief as the Court deems just and proper.

12

13   **DATED:** May 5, 2016                     By: _____

14                                         Alicia McElwaine-Leto

15                                         **Attorney for Plaintiff**

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Alicia McElwaine-Leto, SBN: 308804<br>Wade Miller Law<br>235 E. Broadway, Suite 424<br>Long Beach, CA 90802<br>TELEPHONE NO.: 562-437-6300    FAX NO.:<br>ATTORNEY FOR *(Name):* Geneva McElwaine-Leto | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/06/2016** at 08:00:00 AM<br><br>Clerk of the Superior Court<br>By Jessica Pascual, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central Division

CASE NAME:
Geneva McElwaine-Leto v. Lien Enforcement, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2016-00015137-CU-BT-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33) | [ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>[✓] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* five
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 5, 2016
Alicia McElwaine-Leto
 _____
(TYPE OR PRINT NAME)                                              ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|